**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br>         Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Room 5519 <br> 2201 C Street, NW <br> Washington, D.C. 20520, <br><br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this actions against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records

from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government and is headquartered at 2201 C Street NW, Washington, D.C.  20520.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

### STATEMENT OF FACTS

5. On August 18, 2015, Plaintiff submitted a FOIA request to Defendant, by certified mail, seeking access to the following:

    1. Any and all SF-85s and/ 85Ps for Cheryl Mills;
    2. Any and all SF-86s for Cheryl Mills;
    3. Any and all SF-450s for Cheryl Mills;
    4. Any and all certificates of divestiture for Cheryl Mills;
    5. Any and all individual waivers issued to or for Cheryl Mills pursuant to 18 U.S.C. § 208(b)(I) and 5 C.F.R. § 2640.301 or any other applicable ethics statutes, regulations, guidelines or agreements.

6. The U.S. Postal Service provided Plaintiff a Domestic Return Receipt stamped by Defendant showing that Defendant received the request by certified mail on August 25, 2015.

7. Defendant subsequently acknowledged receipt of the request by letter dated August 18, 2015 and assigned the request Case Control Number F-2015-13193.

8. On August 19, 2015, Plaintiff also submitted a FOIA request to Defendant, by certified mail, seeking access to the following:

    1. Any and all OF-109 forms filed for Huma Abedin; and
    2. Any and all Of-109 forms filed for Cheryl D. Mills.

9. The U.S. Postal Service provided Plaintiff a Domestic Return Receipt signed by Defendant's agent showing that Defendant also received the request by certified mail on August 25, 2015.

10. Defendant subsequently acknowledged receipt of the request by letter dated August 18, 2015 and assigned the request Case Control Number F-2015-13192.

11. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

12. Defendant's determinations regarding Plaintiff's requests were due by September 28, 2015 at the latest.

13. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determinations; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

14. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

17. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed

search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 26, 2015                                          Respectfully submitted,

                                          /s/  *James F. Peterson*
James F. Peterson
DC Bar No. 450171
**JUDICIAL WATCH, INC.**
425 Third Street, S.W., Suite 800
Washington, DC  20024
Tel: (202) 646-5172
jpeterson@judicialwatch.org

*Attorney for Plaintiff*